J. B. BEAIRD CO., Inc., et al. v. CONSUMERS COOPERATIVE ASS'N.

No. 6281.

United States District Court
W. D. Missouri, W. D.

Nov. 27, 1951.

Kenneth E. Midgley and Charles B. Blackmar (of Blackmar, Newkirk, Eager, Swanson & Midgley), Kansas City, Mo., for plaintiff.

Philip A. Dergance (of Lawrence, Kan., and Max Wasserman), of Kansas City, Mo., for defendant.

REEVES, District Judge.

Trial of the above case was completed on May 28, 1951. It was tried by the court without the intervention of a jury. Counsel were granted time to submit to the court briefs of facts as well as the law, and same has been done. The issue in the case was and is a very simple one. The plaintiff is engaged, among other things, in the manufacture and sale of propane bulk storage tanks, with its principal office and place of business in Louisiana. The defendant, as its name implies, is a consumers' cooperative association and engaged, among other things, in distributing to its patrons and customers bulk storage tanks of the type and kind manufactured by the plaintiff.

On the 31st of March, 1949, defendant ordered eight 30,000 gallon propane bulk storage tanks from the plaintiff and on the same date ordered seven 18,000 gallon propane bulk storage tanks. These tanks were ordered at prices agreed upon and the order was duly accepted by the plaintiff. A recital was contained in the order as follows:

"Page 2

It is anticipated that the following delivery schedule will be requested

| 30,000 Gal. | | 18,000 Gal. |
|---|---|---|
| MAY | 2 | 1 |
| JUNE | 1 | 2 |
| JULY | 2 | 1 |
| AUG | 1 | 2 |
| SEPT | 2 | 1 " |

A total of eight 30,000 gallon tanks and a total of seven 18,000 gallon tanks are covered by the order. For the 30,000 gallon tanks the deliveries were to be made May, 2, June, 1, July, 2, August, 1, and September 2, or a total of eight. For the 18,000 gallon tanks the deliveries were to be made May, 1, June, 2, July, 1, August, 2, September, 1, or a total of seven. These anticipated deliveries covered the entire fifteen tanks. Pursuant to the purchase order and acceptance, the plaintiff made and delivered to the defendant five of the tanks, as follows: Three 30,000 gallon tanks and two 18,000 gallon tanks. The de-

fendant delayed calling for the others and finally declined to call for the remaining ten tanks. This suit followed.

The defendant challenges the sufficiency of the contract. In fact it contends that there was no enforceable contract between the parties because of the claimed uncertainty as to the time of delivery. Moreover, it complains that the tanks delivered were defective in some of their accessories and that the defendant was put to expense because of such defects, and that this amounted to a rescission and violation of the contract and that it was justified in repudiating the contract.

The parties have filed a transcript of the testimony together with the briefs of facts as well as the law. The case has been extensively briefed.

■ An examination of the facts as well as the law does not disclose any serious questions. All of the authorities, both in Missouri and in Louisiana, are at one that, in contracts of this kind, deliveries are contemplated to be made within a reasonable time. Upon the evidence in this case it was the duty of the defendant to call for the manufacture and delivery of the remaining ten tanks. It did not do that, and, in consequence, the plaintiff is entitled to a judgment for such sum as represents the difference between the cost of manufacturing and delivery and the agreed price.

■ It appeared from the evidence that there was some oversight in respect or small parts or accessories when delivery was made for two of the five tanks above mentioned and that the defendant was required to incur some expense. The plaintiff acknowledges this fact and agrees that the defendant is entitled to an off-set in the sum of $32.05 without interest for the reason that the amount had been acknowledged and tendered as a credit. The law permits a reasonable tolerance in the fulfillment of contracts and the defects here were inconsequential.

The plaintiff has submitted requested findings of fact and same have been examined and found accurately reflecting the facts in the case, and it in like manner has

submitted requested statement of conclusions of law, which has been examined and found correctly to state the law. The findings of fact proposed by the plaintiff as well as its proposed declarations of law have been approved and filed.

The judgment of the court will be for the plaintiff in accordance with the above, and counsel for plaintiff will prepare and submit an appropriate journal entry.